IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN JOSEPH THOMAS ROUSE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-21-1882 |
| MARIAN FOGAN, *et al.*, | * | |
| Respondents. | * | |

***

## MEMORANDUM

The above-entitled petition for writ of habeas corpus was filed on July 21, 2021. ECF No. 1. Respondents were directed to Reply. ECF No. 3. Respondents contend that the Petition must be dismissed as Petitioner is a pretrial detainee who has not exhausted his state remedies, and this Court should abstain from interfering in the pending state matter. *Id.* Respondent has replied. ECF No. 4.

Petitioner is an inmate confined in pre-trial custody who asserts his constitutional rights are violated by virtue of his unlawful arrest, the denial of bond, and his inability to represent himself at trial, confront witnesses, access courts, and compel process. ECF No. 1 at 6-7. He asks this Court to enter an Order releasing him from confinement. *Id.* at 7.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by

other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Here, Petitioner's claims may be litigated in a state forum without harm to the constitutional rights asserted and thus federal court intervention is not justified by special circumstances.

Moreover, the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation marks omitted). Accordingly, Rouse's Petition shall be dismissed without prejudice.

Additionally, to the extent Rouse seeks mandamus relief, this Court lacks jurisdiction to grant such relief. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or

one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over State employees, such as Respondents in this case. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

A separate Order follows.

Dated this 27 day of May, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge